UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERESA KAY CHAPEL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:16-cv-01862-JMS-DKL ) |
| NANCY A. BERRYHILL, *Acting Commissioner of Social Security Administration*, | ) ) ) ) ) |
| Defendant. | ) |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Teresa Kay Chapel filed for supplemental security income and disability insurance benefits on April 8, 2013, alleging a disability onset date of September 28, 2012. [Filing No. 7-5 at 2.] Her applications were denied initially and upon reconsideration, [Filing No. 7-4 at 4; Filing No. 7-4 at 14], and Administrative Law Judge ("ALJ") Terry Miller held a hearing on December 4, 2014, [Filing No. 7-2 at 49]. On February 3, 2015, the ALJ issued an opinion concluding that Ms. Chapel was not disabled as defined by the Social Security Act. [Filing No. 7-2 at 19-36.] The Appeals Council denied review on May 12, 2016, [Filing No. 7-2 at 2], making the ALJ's decision the Commissioner's final decision subject to judicial review, [Filing No. 7-2 at 19-36]. Ms. Chapel filed this civil action pursuant to 42 U.S.C. § 405(g), asking this Court to review her denial of benefits. [Filing No. 1.]

**I.**
**STANDARD OF REVIEW**

"The Social Security Act authorizes payment of disability insurance benefits and Supplemental Security Income to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind

of inability, namely, an inability to engage in any substantial gainful activity. Second it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last . . . not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists to support the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [her] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, [she] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [she] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

2

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e), (g). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## II.
### BACKGROUND

Ms. Chapel was fifty-one years old at the time she applied for social security benefits. [Filing No. 7-5 at 2.] She has a high school diploma and completed some college, [Filing No. 7-2 at 57], and has performed past relevant work as an automotive assembler, [Filing No. 7-2 at 34].[1]

---

[1] Ms. Chapel provided a detailed description of her medical history and treatment in her opening brief, and the Commissioner did not dispute those facts. [Filing No. 19; Filing No. 25.] Because that discussion implicates sensitive and otherwise confidential medical information concerning Ms. Chapel, the Court will simply incorporate those facts by reference herein and only detail specific facts as necessary to address the parties' arguments.

The ALJ followed the five-step sequential evaluation set forth by the Social Security Administration in 20 C.F.R. § 404.1520(a)(4) and ultimately concluded that Ms. Chapel is not disabled. [Filing No. 7-2 at 19-36.] The ALJ found as follows:

- At Step One, the ALJ found that Ms. Chapel has not engaged in substantial gainful activity since September 28, 2012, the date of her application for benefits. [Filing No. 7-2 at 21.]

- At Step Two, the ALJ found that Ms. Chapel has the following severe impairments: neck/lower back pain due to degenerative disc disease/spondylosis/myalgia and myositis; obstructive sleep apnea; history of migraine headaches; asthma/chronic obstructive pulmonary disease; mild to moderate obesity; and adjustment disorder/depressed mood. [Filing No. 7-2 at 21.]

- At Step Three, the ALJ found that Ms. Chapel does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [Filing No. 7-2 at 22.]

- At Step Three but before Step Four, the ALJ found that Ms. Chapel has the RFC to perform light work, which includes "lifting, carrying, pushing, and pulling up to 20 pounds occasionally and 10 pounds frequently; sitting up to at least six out of eight hours in an eight-hour workday. Further limitation involves only occasional climbing of ramps/stairs, occasional balancing, stooping, kneeling, crouching, and crawling, but never climbing ladders, ropes, or scaffolds. She also needs to avoid concentrated exposure to wetness, loud noise, bright flashing lights, pulmonary irritants (i.e. fumes, odors, dust, gases, poorly ventilated areas, and chemicals), and hazards (i.e. operational control of dangerous moving machinery and unprotected heights). Mentally, the

4

- claimant cannot understand, remember, or carry out detailed or complex job instructions, but remains capable of performing simple, repetitive tasks on a sustained basis (i.e. eight hours a day/five days a week, or equivalent work schedule), with no fast-paced work or work requiring a regimented pace of production." [Filing No. 7-2 at 24-25.]

- At Step Four, the ALJ found that Ms. Chapel is not capable of performing any past relevant work. [Filing No. 7-2 at 34.]

- At Step Five, the ALJ concluded that considering Ms. Chapel's age, education, work experience, and RFC, and relying on the testimony of the vocational expert ("VE"), Ms. Chapel is capable of working as a price marker, mail sorter, and information clerk. [Filing No. 7-2 at 34-35.]

Ms. Chapel asked the Appeals Council to review the ALJ's decision, but that request was denied on May 12, 2016, [Filing No. 7-2 at 2], making the ALJ's decision the Commissioner's final decision subject to judicial review, [Filing No. 7-2 at 19-36]. Ms. Chapel filed this civil action pursuant to 42 U.S.C § 405(g), asking this Court to review her denial of benefits. [Filing No. 1.]

### III.
### DISCUSSION

Ms. Chapel raises three issues on appeal, and the Court will address them as follows: (1) whether the ALJ erred when he failed to request a consultative examination based on the results of Ms. Chapel's October 2014 magnetic resonance imaging ("MRI") report; (2) whether the ALJ improperly evaluated Ms. Chapel's migraine headaches; and (3) whether the ALJ erred in his credibility analysis. [Filing No. 19 at 5.] The Court will address the issues accordingly.

### A. October 2014 MRI

Ms. Chapel argues that "[t]he ALJ fail[ed] to consult any medical opinion as to the degeneration of [Ms.] Chapel's back by October 2014, and the effect of that degeneration on her functioning." [Filing No. 19 at 12.] She claims that the October 2014 MRI showed significant degeneration from prior MRI reports, including the March 2014 MRI. [Filing No. 19 at 12.] According to Ms. Chapel, instead of ordering a consultative examination to determine the functional limitations, the ALJ simply concluded "without a medical opinion, that it did not support significant limitations." [Filing No. 19 at 12.]

In response, the Commissioner argues that Ms. Chapel is impermissibly asking this Court to reweigh the evidence. [Filing No. 25 at 3.] The Commissioner contends that the ALJ considered all the MRI reports. [Filing No. 25 at 3.] She further argues that Ms. Chapel failed to submit additional documentation in support of her assertion that she was prescribed a cane in October 2014, and that other evidence questioned the reliability of this assertion. [Filing No. 25 at 3-4.] The Commissioner also claims that the ALJ thoroughly reviewed various medical evidence that discussed Ms. Chapel's functional limitations with respect to her back. [Filing No. 25 at 4.] The Commissioner argues that Ms. Chapel's request to obtain an additional medical opinion is unwarranted. [Filing No. 25 at 5.]

Ms. Chapel did not file a reply.

The Court "will uphold the ALJ's decision if it is supported by substantial evidence, that is, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (citing *Richardson v. Perales*, 402 U.S. 389 (1971); *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011); *Pepper v. Colvin*, 712 F.3d 351, 361-62 (7th Cir. 2013)).

The Court will not reweigh the evidence or substitute its own judgment for that of the ALJ, but it will examine the ALJ's decision to determine whether it reflects a logical bridge from the evidence to the conclusions sufficient to allow the Court to assess the validity of the agency's ultimate findings and afford meaningful judicial review. *Moore*, 743 F.3d at 1121 (citing *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004)); *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013); *Pepper*, 712 F.3d at 362; *Villano*, 556 F.3d at 562. A decision that lacks adequate discussion of the issues will be remanded. *Moore*, 743 F.3d at 1121.

      The ALJ built a logical bridge from the evidence to the conclusion in discussing Ms. Chapel's functional limitations related to her back. Ms. Chapel claims that the ALJ played doctor when he compared the MRI results, and claims that there were significant differences from the March 2014 MRI report and October 2014 MRI report. First, the ALJ did exactly as he was required to do – evaluate the evidence. The ALJ discussed the results of the March 2014 and October 2014 MRI reports, as well as prior MRI reports, noting that the most significant MRI findings for mild to moderate deficit were from February 2012, which were unchanged from August 2011, and that the MRI reports from 2014 demonstrated improvement. [Filing No. 7-2 at 26.] Second, Ms. Chapel claims that the October 2014 MRI results indicate that she had "broad-based disc bulge" at L2-3 and "[f]acet *hypertrophy* at all levels," but that the March 2014 MRI report indicated no disc protrusion or bulge whatsoever. [Filing No. 19 at 12 (original emphasis).] While the evidence demonstrates that Ms. Chapel had broad based disc bulge in the October 2014 MRI results, the report also indicates – and the ALJ noted – that the findings show mild facet hypertrophy at several levels, either mild or no significant narrowing of central canal, and no significant narrowing of neural foramen. [Filing No. 7-2 at 26; Filing No. 7-14 at 55 (October 2014 MRI report).] In addition, as outlined in the Commissioner's response brief, the ALJ

7

considered numerous other medical records regarding treatment, pain, and limitations associated with Ms. Chapel's back. Given the ALJ's proper analysis of the evidence, Ms. Chapel has set forth no basis to support the contention that the ALJ should have ordered an additional consultative examination. The Court finds no error with the ALJ's analysis.

### B. Migraine Headaches

Ms. Chapel argues that the ALJ erred in his evaluation of her migraine headaches by "indicating that no evidence supports the headaches occurring more frequently than once a week, and generally fails to interface with the record . . . in assessing the RFC." [Filing No. 19 at 13-14.] She also indicates that "the ALJ erred by not including limitations related to [Ms.] Chapel's upper extremity and lower extremity challenges" in the RFC and "not considering all impairments in combination." [Filing No. 19 at 14.]

In response, the Commissioner points out that Ms. Chapel's arguments are underdeveloped and waived. [Filing No. 25 at 6.] She argues that even considering Ms. Chapel's position, her argument fails because the ALJ sufficiently and appropriately considered Ms. Chapel's headaches, and discussed all the evidence that the ALJ considered from the record. [Filing No. 25 at 6-7.] The Commissioner also cites to evidence that the ALJ considered in discussing upper and lower extremity challenges, and argues that Ms. Chapel does not point to any evidence that the ALJ failed to consider. [Filing No. 25 at 7-8.]

The Court is uncertain as to how the ALJ's assessment of Ms. Chapel's migraines was inaccurate given that she cites to no evidence that the ALJ failed to consider. Ms. Chapel merely states that the ALJ failed to include limitations with respect to her upper and lower extremity challenges in her RFC, but again fails to discuss what evidence the ALJ failed to consider. The Court will not scour through the record to locate evidence and determine whether and to what

extent the ALJ properly considered Ms. Chapel's legal argument. *See Hughes v. Astrue*, 2011 WL 3881044, at *7 (S.D. Ind. 2011) ("The court 'will not scour a record to locate evidence supporting a party's legal argument'") (quoting *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005)). Because Ms. Chapel's arguments are perfunctory and largely underdeveloped, they are considered waived. *Crespo v. Colvin*, 824 F.3d 667, 673 (7th Cir. 2016) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

### C. Credibility Determination

Ms. Chapel argues that "[f]ailure to address key treating opinions underlies a faulty credibility finding here." [Filing No. 19 at 14.] Ms. Chapel claims that the ALJ emphasized "Waddell signs", but that such factors do not "hold the persuasive power it otherwise might in light of Dr. Reed's discussion about the role of chronic pain medications affecting [her] experienced pain thresholds." [Filing No. 19 at 14.] She further claims that the ALJ left out Dr. Cervoni's "tailored advice to not drive while sleepy in light of her sleep-related problems." [Filing No. 19 at 14-15.] Ms. Chapel raises other arguments related to the ALJ's credibility finding, including that he ignored the impact of Ms. Chapel's "long and consistent work history and lengthy tenure at work even after her impairments began," and that "the ALJ's opinion here relies on the absence of records. . . ." [Filing No. 19 at 15.]

In response, the Commissioner argues that the ALJ is not required to discuss every piece of evidence, and that in any event, not addressing Dr. Cervoni's statement is harmless error given that the ALJ's RFC determination states that Ms. Chapel should avoid operational control of moving machinery. [Filing No. 25 at 8-9.] The Commissioner argues that the ALJ "reasonably and thoroughly considered and addressed [Ms. Chapel's] subjective statements about her alleged symptoms," and noted that in many instances, they were not supported by evidence in the record.

9

[Filing No. 25 at 9-10; Filing No. 25 at 12-13.] The Commissioner claims that the ALJ noted that during the hearing, Ms. Chapel's counsel said he had documentation regarding Ms. Chapel's prescribed cane and that "the ALJ left the record open so those documents could be submitted," but Ms. Chapel's counsel never submitted them. [Filing No. 25 at 10.] According to the Commissioner, the ALJ noted that the same place that prescribed Ms. Chapel with a cane had records a month before indicating that Ms. Chapel "revealed a normal and stable gait with good stride and equal arm swing without an assistive device," and no other evidence in the record supported Ms. Chapel's statement regarding her need for a cane. [Filing No. 25 at 10.]

Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft*, 539 F.3d at 678, this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong," *Prochaska*, 454 F.3d at 738. The absence of objective evidence cannot, standing alone, discredit the presence of substantive complaints, *Parker v. Astrue*, 597 F.3d 920, 922-23 (7th Cir. 2010), but when faced with evidence both supporting and detracting from a claimant's allegations, "the resolution of competing arguments based on the record is for the ALJ, not the court[,]" *Donahue v. Barnhart*, 279 F.3d 441, 444 (7th Cir. 2002). In "determining the credibility of the individual's statements, the adjudicator must consider the entire case record," and a credibility determination "must contain specific reasons for the finding on credibility, supported by the evidence in the case record." *Prochaska*, 454 F.3d at 738.

With regard to Ms. Chapel's argument that the ALJ failed to consider Dr. Cervoni's statement that Ms. Chapel should not drive while sleepy, the Court finds no error. Because Ms. Chapel does not provide a citation to the record regarding the location of this statement, the Court relies on the Commissioner's citation. Dr. Cervoni was Ms. Chapel's pulmonologist. [Filing No.

10

7-7 at 19 ("Patient has the following Specialists[:] Cervoni-Pulmonary").] As the Commissioner points out, Dr. Cervoni's statement alone is not an opinion. Rather, this statement is part of an August 20, 2012 medical record, where Dr. Cervoni stated that Ms. Chapel showed mild obstructive sleep apnea, needed Continuous Positive Airway Pressure ("CPAP"), and should not drive if sleepy. [Filing No. 7-7 at 13.] Considering the medical record as a whole, the ALJ noted that Ms. Chapel was diagnosed with a condition of mild sleep apnea, and that although the report "titrated CPAP controlled symptoms of mild sleep apnea, [Ms. Chapel] alleges only recent onset for use of CPAP in July 2014, which onset of CPAP use is also uncorroborated by treatment record. . . ." [Filing No. 7-2 at 28.] "The ALJ is not required to mention every piece of evidence but must provide an 'accurate and logical bridge' between the evidence and the conclusion that the claimant is not disabled," and the ALJ did so here. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Moreover, Ms. Chapel has not demonstrated that this statement undermines the ALJ's conclusion. *See, e.g., Moore*, 743 F.3d at 1123 ("[A]lthough an ALJ does not need to discuss every piece of evidence in the record, the ALJ may not analyze only the evidence supporting her ultimate conclusion while ignoring the evidence that undermines it.").

With respect to the issue regarding missing records, Ms. Chapel's argument also fails. While the ALJ has the duty to develop a full and fair record, the ALJ's burden is met when he makes "a 'reasonable effort' to ensure that the claimant's record contains, at a minimum, enough information to assess the claimant's RFC and to make a disability determination." *Martin v. Astrue*, 345 F. App'x 197, 201 (7th Cir. 2009). Ms. Chapel does not describe what documents are missing from the record, but assuming that the missing records are from the Centers for Pain Relief regarding the purported prescription of a cane, the Court finds no error. During the hearing, Ms. Chapel's attorney indicated that he had documentation regarding Ms. Chapel's prescription for a

cane from Centers for Pain Relief, [Filing No. 7-2 at 56], and the ALJ indicated that he would keep the record open so that Ms. Chapel's attorney could submit that documentation, [Filing No. 7-2 at 104]. The ALJ noted in the decision that Ms. Chapel's attorney never submitted that documentation, and reasonably concluded that all other evidence in the record did not support Ms. Chapel's statement that she required the use of a cane. [Filing No. 7-2 at 26.]

Ms. Chapel fails to develop any other argument challenging other aspects of the ALJ's credibility analysis. As the Commissioner points out, the ALJ thoroughly discussed Ms. Chapel's purported allegations regarding falls at work, which were not supported by the record, and addressed other inconsistencies that affected Ms. Chapel's credibility. [*See* Filing No. 7-2 at 27.] Accordingly, the Court finds that remand is not warranted.

## IV.
### CONCLUSION

"The standard for disability claims under the Social Security Act is stringent." *Williams-Overstreet v. Astrue*, 364 F. App'x 271, 274 (7th Cir. 2010). "The Act does not contemplate degrees of disability or allow for an award based on partial disability." *Id.* (*citing Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985)). "Even claimants with substantial impairments are not necessarily entitled to benefits, which are paid for by taxes, including taxes paid by those who work despite serious physical or mental impairments and for whom working is difficult and painful." *Williams-Overstreet*, 364 F. App'x at 274. Taken together, the Court can find no legal basis presented by Ms. Chapel to reverse the ALJ's decision that he was not disabled during the relevant time period. Therefore, the decision below is **AFFIRMED**. Final judgment shall issue accordingly.

Date: 6/13/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Jason Scott Rodman
FORBES LAW OFFICE
jason@needsocialsecurity.com

Randal S. Forbes
FORBES LAW OFFICE
randy@needsocialsecurity.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov